## WEILL v. COMPAGNIE GENERALE TRANSATLANTIQUE.

### No. 392.

Circuit Court of Appeals, Second Circuit.

July 11, 1940.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for appellant.

Ernest W. Levey and David Colton, both of New York City (Bernard Gordon and Bessie Reiser, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

The plaintiff has obtained judgment for personal injuries resulting from alleged negligence of the defendant. The latter rested upon the plaintiff's case and moved for a directed verdict which the district court denied. Upon this appeal the sole question is whether there was evidence of negligence sufficient for submission to the jury. In our opinion the appellant must prevail.

As the steamship Champlain was approaching her pier in New York about 3:30 P. M. on December 21, 1938, the plaintiff, a passenger, stepped from the deck house onto the promenade deck, port side, turned to his right and walked leisurely forward. When he had proceeded about 10 feet, he tripped over the edge of a tarpaulin which the defendant had spread upon the deck. His fall resulted in a broken ankle. The tarpaulin was darker in color than the deck flooring and extended forward for some 20 feet; but the plaintiff had not seen it before he fell, as he was looking forward. The tarpaulin was not fastened down, but so far as appears it may have lain perfectly flat upon the deck. The plaintiff inferred that there was a bulge which caught his foot, because after his fall his foot was under a bulge in the edge of the tarpaulin. This inference, however, is pure surmise. It is just as probable that the bulge was created by his stubbing his toe against the edge of the tarpaulin as he walked heedlessly along. Unless it is actionable negligence to lay a tarpaulin flat on the deck without tying it down, the verdict cannot stand. It does not seem to us that a steamship company can reasonably be held to so strict a duty of care. The defendant was entitled to assume that a passenger walking on the deck in plain daylight would see the tarpaulin and step over its edge. The present case presents a situation where the plaintiff rather than the defendant was careless.

The judgment is reversed and the cause remanded with directions to enter judgment for the defendant.